IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL | : | |
| TRUST COMPANY, as trustee for | : | |
| Morgan Stanley Capital 1, Inc. | : | |
| Trust 2006-HE-S Mortgage | : | |
| Pass-through Certificates Series | : CIVIL ACTION NO.3:16-cv-0432 | |
| 2006-HE2, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : (Magistrate Judge Saporito) | |
| | : | |
| BENDEX PROPERTIES, LLC., | : | |
| Defendant. | : | |

MEMORANDUM

Before the court is the motion to intervene (Doc. 10) filed by the

Lackawanna Tax Claim Bureau ("LTCB") seeking intervention under Fed.

R. Civ. P. 24.   For the reasons set forth below, we will grant the motion.

I.   Background

The plaintiff, Deutsche Bank National Trust Company, initiated this

action by the filing of a complaint on March 10, 2016, seeking declaratory

relief. (Doc. 1). The plaintiff named Bendex Properties, LLC ("Bendex") as

the defendant and the owner of the subject real property located 727

North Lincoln Avenue, Scranton, Pennsylvania, by deed dated May 25,

2015. (Id. ¶ 34). According to the plaintiff, Bendex's predecessor-in-title,

Tiffany F. Buck, defaulted on a note secured by a mortgage with Decision One Mortgage Company, LLC as the mortgagee. (Id. ¶¶ 7-8). Thereafter, Decision One assigned its mortgage to the plaintiff. (Id. ¶ 9).

On June 15, 2015, the plaintiff initiated a foreclosure action against Buck in the Court of Common Pleas of Lackawanna County. (Id. ¶ 11). At the same time, the LTCB filed a petition to sell tax delinquent property at judicial sale free and clear of all liens and encumbrances. (Id. ¶ 15). The petition identified Buck as the real owner, but the property identified in the petition was inaccurately described as "747 North Lincoln Avenue, Scranton, Pennsylvania 18504," and not the property actually owned by Buck—727 Lincoln Avenue, Scranton, Pennsylvania 18504. (Id. ¶ ¶ 16-19). On February 6, 2015, the Court of Common Pleas of Lackawanna County, upon petition of the LTCB, ordered that the judicial sale be advertised and that the advertisement be construed as service upon all owners, mortgage holders, lien holders, or any other party having an interest in the subject property. (Id. ¶¶ 20, 21). The plaintiff further alleged that a deputy sheriff attempted to serve Buck at the property listed as 747 North Lincoln Avenue, Scranton, Pennsylvania, but was

unable to serve her because there is no such address. LTCB took no further action to serve Buck. (Id. ¶¶ 22-24). Further, the plaintiff alleged that service upon the former mortgagee, Decision One, failed and the LTCB also failed to serve the plaintiff as its address which was set forth in the assignment of mortgage recorded in the Office of the Lackawanna County Recorder of Deeds. (Id. ¶¶ 27-32). Notwithstanding the foregoing, the plaintiff has alleged that on May 25, 2015, the LTCB executed and delivered to Bendex a deed for the subject property. (Id. ¶ 34).  Based upon these facts, the plaintiff has asked the court to declare void  the sale and the deed from the LTCB to Bendex, and to declare that the plaintiff's mortgage was not divested. (Id. ¶¶ 35-52).

Bendex filed its answer on July 19, 2016. (Doc. 17). The parties consented to our jurisdiction in August 2016. (Docs. 15, 17,18). The LTCB filed its motion to intervene on July 25, 2016. (Doc. 10). Bendex concurs in the LTCB's motion. (Doc. 10-1). The plaintiff and the LTCB have briefed the issues and the motion is now ripe for a decision.

II.   Legal Standard

Federal Rule of Civil Procedure 24 provides four ways for a non-

party to intervene in an action. A person may intervene as of right if (1) "a statute of the United States provides an absolute right to intervene" or (2) if the "applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a). A person may be permitted to intervene at the district court's discretion if (3) "a statute of the United States provides a conditional right to intervene" or (4) an "applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b). When deciding whether to permit intervention, a district court must consider whether "intervention will unduly delay or prejudice the adjudication of the rights of the parties." Id.

Rule 24(c) provides that all motions to intervene "must be accompanied by a pleading setting forth the claim or defense for which intervention is sought. Fed. R. Civ. P. 24(c).

### III.   Discussion

#### (1)   Compliance With Fed. R. Civ. P. 24(c)

Although the LTCB attached a 12(b)(6) "motion to dismiss" to its motion to intervene, the motion to dismiss merely states that it requests that the plaintiff's complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and that a brief in support of the motion will be filed in accordance with the Local Rules. Neither the motion to intervene, nor the proposed motion to dismiss sets forth the defense(s) the LTCB intends to rely upon in support of its motion to dismiss. Rule 24(c) requires this in order "to enable the court properly to frame the issues, and to inform the parties against whom some right is asserted or relief sought." In re Pantopaque Prod. Liab. Litig., 938 F. Supp. 266, 274 (D.N.J. 1996) (citing Ryer v. Harrisburg Kohl Bros., Inc., 53 F.R.D. 404, 411 (M.D. Pa. 1991)). However, our inquiry does not end there.

The LTCB attached its proposed answer and affirmative defenses (Doc. 16-1) to its timely filed reply brief in support of its motion to intervene. (Doc. 16). The proposed answer and affirmative defenses adequately set forth the defenses the LTCB intends to pursue if its motion

5

is granted, and is sufficient to put the plaintiff on notice of those defenses.
While we agree that the LTCB did not initially comply with Rule 24(c)'s
requirement to attach a pleading to its motion to intervene in support of
its defenses, the proposed answer and affirmative defenses (Doc. 16-1) is
sufficient. Fed. R. Civ. P. 1 requires courts to construe and administer the
rules flexibly "to secure the just, speedy, and inexpensive determination
of every action and proceeding." In keeping with the spirit of the Rules, we
are satisfied that through its proposed answer and affirmative defenses
(Doc. 16-1), the LTCB has satisfied the technical requirements of Rule
24(c). Now, the existing parties have knowledge of the motion and the
defenses.

### (2)   Intervention as of Right

Intervention as of right is permitted only if:

> (1) the application for intervention is timely; (2) the
> applicant has a sufficient interest in the litigation; (3)
> the interest may be affected or impaired, as a practical
> matter by the disposition of the action; and (4)   the
> interest is not adequately represented by an existing
> party in the litigation.

Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc. 72 F.3d
361, 365-66 (3d Cir. 1995). "Each of these requirements must be met to

intervene as of right." Id. at 366.

The plaintiff is not disputing the timeliness of the motion to intervene. We find that the motion to intervene was timely in that the case is in its early stages and the existing parties are not prejudiced. Rather, the plaintiff argues that the LTCB has no interest in this litigation, and if it did have such an interest, its interest is adequately represented by Bendex. We do not agree.

An intervenor's interest in the litigation must be direct, substantial, and legally protectable to satisfy the interest requirement of Rule 24(a)(2). Kleissler v. U.S. Forest Serv., 157 F.3d 964, 972 (3d Cir. 1998) ("Due regard for efficient conduct of the litigation specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought.").

To meet this prong of the test, a prospective intervenor must fundamentally demonstrate that its interest relates to the subject of the underlying proceeding, i.e., that it is "significantly protectable." Donaldson v. United States, 400 U.S. 517, 531 (1971); Kleissler, 157 F.3d at 969. The asserted interest must be "a cognizable legal interest, and not

simply an interest 'of a general and indefinite character.' " <u>Brody ex rel.</u> <u>Sugzdinis v. Spang</u>, 957 F.2d 1108, 1116 (3d Cir. 1992) (quoting <u>Harris v.</u> <u>Pernsley</u>, 820 F.2d 592, 601 (3d Cir. 1987)) (internal quotation marks omitted); <u>see</u> <u>also</u> <u>Liberty Mut. Ins. Co. v. Treesdale, Inc.</u>, 419 F.3d 216, 220-21 (3d Cir. 2005); <u>Mountain Top Condo. Ass'n</u>, 72 F.3d at 366. But <u>see</u> <u>Benjamin ex rel. Yock v. DPW of Pa.</u>, 701 F.3d 938, 951 (3d Cir. 2012) ("A proposed intervenor's interest need not be a legal interest, provided that he or she 'will be practically disadvantaged by the disposition of the action.' " Furthermore, the interest must be direct.  As the Court in <u>Kleissler</u> stated:

> the polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote. Due regard for efficient conduct of the litigation requires that intervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought. The interest may not be remote or attenuated.  The facts assume overwhelming importance in each decision.

<u>Kleissler</u>, 157 F.3d at 972.

In the complaint (Doc. 1), the plaintiff seeks declaratory relief in the form of an order voiding the deed from the LTCB to Bendex because the

8

deed relates to property other than the subject property and "was conducted" in violation of the due process clauses of the United States and Pennsylvania constitutions. (Id. ¶¶ 35-43). The execution and delivery of the deed to Bendex was the obligation of the LTCB.  72 P.S. § 5860.608. Obviously, if the plaintiff's relief is granted, the LTCB becomes the owner of the property, and as the LTCB posits, it will be required to return the purchase price to Bendex. Moreover, the procedures which the LTCB followed must be examined in order to determine whether to grant the relief requested. Thus, we find that the LTCB has a sufficient interest in the property that is the subject of this action.

Once an applicant for intervention has established that he or she possesses a sufficient legal interest in the underlying dispute, the applicant must also show that this claim is in jeopardy in the lawsuit. Under this element of the test, the LTCB must demonstrate that its legal interests "may be affected or impaired, as a practical matter by the disposition of the action." Harris 820 F.2d at 596. In making this determination, we are required to assess "the practical consequences of the litigation," and "'may consider any significant legal effect on the

applicant's interest.' " Id. at 601 (quoting Nat'l. Res. Def. Council, Inc. v. U.S. Nuclear Regulatory Comm'n, 578 F.2d 1341, 1345 (10th Cir.1978)). It is not sufficient that the claim be incidentally affected; rather, there must be "a tangible threat" to the applicant's legal interest. Harris, 820 F.2d at 601. Yet, this factor may be satisfied if, for example, a determination of the action in the applicant's absence will have a significant stare decisis effect on its claims, or if the applicant's rights may be affected by a proposed remedy. Id. An applicant need not, however, prove that it would be barred from bringing a later action or that intervention constitutes the only possible avenue of relief. The possibility of a subsequent collateral attack does not preclude an applicant from demonstrating that its interests would be impaired should intervention be denied. Such a holding would reverse the policy preference which, as a matter of judicial economy, favors intervention over subsequent collateral attacks. See Soc Hill Civic Ass'n v. Harris, 632 F.2d 1045, 1051 (3d Cir. 1980) (permitting collateral attack on consent decree only because the district court "did not retain jurisdiction over the decree and thus direct intervention [wa]s no longer available"). Thus, we find that the

LTCB has demonstrated that it possesses a legal interest in this action, and that its an interest would be affected by this litigation.

Next, we must determine whether the LTCB's interest is adequately represented by Bendex. The plaintiff maintains that Bendex will assert the LTCB's position that the tax sale was conducted appropriately. (Doc. 12, at 6). A review of the answer (Doc. 7) filed by Bendex reflects otherwise. For instance, Bendex claims to be without knowledge or information sufficient to answer the allegations of the complaint relating to the judicial tax sale in which the LTCB played an integral role. (Id. ¶¶ 14-33). Bendex and the LTCB are not aligned on the fact of the execution and delivery of the deed on May 25, 2015, from LTCB to Bendex. (Id. ¶ 34 ("Admitted."); Doc. 16-1 ¶34 ("Denied.").  Also, they do not agree that the sale and deed are valid and enforceable, and that Bendex purchased the property free and clear of all liens and encumbrances. (Doc. 7 ¶¶ 41, 50 ("Admitted."); Doc. 16-1, ¶¶ 41, 50 ("Denied.")).  Nevertheless, it remains the burden of the LTCB to present evidence of its efforts to satisfy the statutory notice requirements of the Real Estate Tax Sale Law. FS Partners v. York Cty. Tax Claim Bureau, 132 A.3d 577, 581 (Pa. Commw. Ct. 2016).  Moreover,

and as the LTCB points out, Bendex may not seek to sustain the sale if, as a consequence, the plaintiff's lien is not divested, thereby making Bendex liable to the plaintiff for the payment of the balance of the note. (Doc. 11, at 7). Finally, Bendex has raised the affirmative defenses that the LTCB is an indispensable party or a necessary party. (Doc. 7, ¶¶ 56, 57). Thus, we find that the LTCB is in a better position to assert and protect its own interest rather than relying upon Bendex to do so. Under these circumstances, the LTCB's motion to intervene is granted.

An appropriate order follows.

*s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: November 10, 2016